**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-08-0368-1-PHX-DGC (MHB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Eitan Maximov, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

For the reasons set forth on the record in open court at the conclusion of Defendant's July 22, 2008 detention hearing,

The Court finds that a combination of conditions exist that will reasonably assure the appearance of Defendant at all future court proceedings.

The Court further finds that a secured bond in the amount of $500,000.00 is reasonably necessary, and an indispensable component, to reasonably ensuring Defendant's presence at trial and other future court proceedings because, if posted, it would more likely induce Defendant to appear than without it. *United States v. Mantecon-Zayas*, 949 F.2d 548 (1st Cir. 1991). Moreover, if the secured bond is willingly posted by Defendant, his family or friends, it is less likely that Defendant would fail to appear and risk the loss of his or their property and thereby avoid the significant financial hardship of forfeiture to himself, his family or friends.

The Court further finds that less restrictive conditions of release will not adequately and reasonably assure that Defendant will appear as required if Defendant were released from custody.

**IT IS ORDERED** that upon the posting a cash, property or surety bond in the sum of $500,000.00  with the Clerk, defense counsel shall notify the undersigned's judicial assistant, the assigned AUSA and the assigned PTS' officer whereupon a bag and baggage release hearing will be set before the undersigned to set all conditions of release. *United States v. Fidler*, 419 F.3d 1026 (9th Cir. 2005).

Defense counsel shall timely provide any cash bond details to the assigned AUSA so that he has a fair opportunity to request a *Nebbia* hearing if reasonable grounds exist to request such a hearing. *United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966) ("[M]ere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail and . . . the ability of the surety to produce the defendant."); *United States v. Noriega-Sarabia*, 116 F.3d 417 (9th Cir. 1997); Rule 46(e), FED.R.CRIM.P.

**IT IS FURTHER ORDERED** that Defendant shall remain detained until the bond is posted with the Clerk and other conditions of release are set.

DATED this 28th day of July, 2008.

Lawrence O. Anderson
United States Magistrate Judge