**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-0368-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Eitan Maximov, | |
| Defendant. | |

Defendant Eitan Maximov has been charged with conspiracy to commit bank fraud, bank fraud, attempted bank fraud, conspiracy to commit money laundering, and transactional money laundering. Dkt. #3. On July 22, 2008, Magistrate Judge Lawrence Anderson ordered that Defendant be released under the Bail Reform Act of 1984, 18 U.S.C. § 3142 ("Act"), upon the posting of a $500,000 bond. Defendant has asked this Court to review Judge Anderson's decision and release him for a substantially lower bond amount. *See* Dkt. #50. The Government asks the Court to detain Defendant without bond. Dkt. #55.

The Court has reviewed the parties' briefs and attachments, as well as the transcript of the hearing before Judge Anderson. On September 2, 2008, the Court held a hearing and heard oral argument by counsel.

**A.    Legal Standards.**

This Court's review of Judge Anderson's decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its

own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Act, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. 18 U.S.C. § 3142(e).

The Government contends that Defendant should be detained as a flight risk. The Government must prove that Defendant is a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

### B. Should Defendant Be Detained as a Flight Risk?

The relevant statute, 18 U.S.C. § 3142(g), requires the Court to consider several factors. These include the nature and circumstances of the offense charged, the weight of the evidence against Defendant, and Defendant's history and characteristics, including character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning appearances at court proceedings. *Id.*

The Government asserts the following facts in favor of detention: (1) Defendant has been indicted on a significant bank fraud scheme. The scheme alleges that Defendant was the leader of a conspiracy that resulted in $3,600,000 in losses. (2) Defendant is facing five to ten years in prison. (3) The evidence against Defendant is strong, and includes admissions Defendant made in tape recorded conversations, admissions made in depositions during divorce proceedings, and the testimony of informers and co-defendants. (4) Defendant currently is not employed. State records obtained by the Government suggest that Defendant has not been employed for three years. (5) Although Defendant has two sons from a previous marriage, ages six and two, reports filed in the divorce proceedings suggest that Defendant has virtually no relationship with the younger child and only an occasional relationship with the older child. (6) Defendant is a citizen of Israel, not of the United States. (7) Although Defendant is a permanent resident alien in the United States, he likely will be deported upon being convicted of this crime, leaving him with little incentive to remain in the United States. (8) Defendant has virtually no financial resources, owns no property in Arizona, has no

1  residence here, and has a history of traveling abroad. (9) A report from Defendant's divorce
2  proceeding concludes that Defendant is a spontaneous person, suggesting, the Government
3  argues, that Defendant may choose to leave the country abruptly. (10) Although Defendant
4  has been offered employment in his brother's business (which is based in Canada, but would
5  be performed in Arizona), the Government notes that this is a high-end resort real estate
6  business. The Government objects to Defendant being involved in the real estate business
7  while indicted for real-estate-related bank fraud.

8        Defendant asserts a number of factors to suggest he is not a flight risk. (1) He has no
9  prior criminal convictions. (2) He has two children in Arizona and a brother in Florida.
10 (3) He has been granted unsupervised visitation rights for his children. (4) Defendant
11 receives $1,700 per month from the sale of a former business, and has been offered
12 employment by his brother, a large, successful Canadian real estate developer. (5) Defendant
13 would be permitted to live with his former girlfriend or in an apartment to be rented by his
14 brother. (6) Although he has traveled abroad, Defendant notes that his travels have been
15 limited. (7) Defendant recently returned from a visit to Israel (to attend the funeral and
16 bereavement of his father) even knowing that a criminal investigation was underway.
17 (8) Defendant applied for U.S. citizenship approximately one year ago, and fully intends to
18 remain in the United States.

19       Considering all these arguments, the Court concludes that Judge Anderson's decision
20 was correct. A number of factors in Defendant's life suggest that he is a flight risk. These
21 include the serious charges pending against him, the weight of the evidence described by the
22 Government, the fact that Defendant faces a lengthy prison term if convicted, the fact that
23 Defendant likely will be deported if convicted, Defendant's Israeli citizenship, and the lack
24 of any property ownership or financial ties to Arizona. Although Defendant has sons in
25 Arizona, his relationship with them appears to have been sporadic. Both parties admit that
26 Defendant experienced an acrimonious divorce with his Arizona-based wife. Although some
27 factors suggest that Defendant is not a flight risk, including the fact that he returned to the
28 United States knowing that a criminal investigation was underway, a preponderance of the

evidence suggests that there is a risk of flight and that a substantial bond is needed to ensure Defendant's appearance at trial. The Court therefore affirms Judge Anderson's decision.[1]

**IT IS ORDERED:**

1. Defendant's Motion to Reduce Bond (Dkt. #50) is **denied**.

2. The Government's Request to Revoke Bond (Dkt. #55) is **denied**.

DATED this 5th day of September, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[1] Defendant's return to Arizona while a criminal investigation was pending persuades the Court that Defendant will appear at trial with an appropriate financial incentive. The Court therefore denies the Government's request that Defendant be held without bond.

- 4 -