**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-08-0368-PHX-DGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Eitan Maximov, | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Eitan Maximov has been charged with conspiracy to commit bank fraud, bank fraud, attempted bank fraud, conspiracy to commit money laundering, and transactional money laundering. Dkt. #3. On February 23, 2009, the Court appointed attorney David Eisenberg to represent him. Mr. Eisenberg is Defendant Maximov's fourth attorney in this case. At the hearing on February 23, 2009, the Court specifically informed Defendant Maximov that it would not appoint new counsel – Defendant Maximov would be required to work with Mr. Eisenberg in preparing his defense. Since that time, Mr. Eisenberg has obtained court appointment of an investigator and Hebrew interpreter, has met with Defendant, and has obtained and reviewed discovery from the government.

Defendant Maximov has now filed a Motion to Replace Counsel. Dkt. #223. Mr. Eisenberg has filed a Motion to Withdraw. Dkt. #209. The motions are based on Defendant's Maximov's claim that Mr. Eisenberg is not sufficiently familiar with the complexities of mortgage financing to represent Defendant effectively. Defendant Maximov also makes various allegations of egotism and self-interest against Mr. Eisenberg (none of which the Court finds to be well taken) and alleges that Mr. Eisenberg has not been honest

with Defendant Maximov (an allegation the Court also finds to be unfounded). Defendant Maximov has identified a lawyer, an investigator, and a Hebrew translator that he believes better-suited to his defense, and asks the Court to appoint them. The Court held a hearing on May 26, 2009 to address these motions. The Court engaged in a sealed, ex parte discussion with Defendant Maximov and Mr. Eisenberg to address these matters.

The Court will deny the motions. As the Court explained to Defendant Maximov on February 23 and again on May 26, 2009, Mr. Eisenberg has been appointed to the CJA Panel of this Court after careful review by the judges for competency and integrity. He has appeared in this Court many times and is fully capable of handling complex criminal cases effectively. "The Sixth Amendment guarantees criminal defendants the right to effective representation, but indigent defendants do not have a constitutional right to be represented by counsel of their choice." *Gonzalez v. Knowles*, 515 F.3d 1006, 1012 (9th Cir. 2008). Moreover, "the Sixth Amendment encompasses no guarantee of a 'meaningful attorney-client relationship.'" *Id.* (quoting *Morris v. Slappy*, 461 U.S. 1, 13 (1983)).

This case has been pending for many months. Defendant Maximov is in custody and his co-defendants are awaiting trial. The Court has set a firm trial date for September. Mr. Eisenberg has invested time and effort in preparing for trial.

The Court concludes that Defendant Maximov's Sixth Amendment right to counsel will be fully realized through the representation of Mr. Eisenberg. The Court will not further delay the trial and incur unnecessary expense by replacing Mr. Eisenberg, his investigator, and his translator. Defendant Maximov will be represented by Mr. Eisenberg through trial. The Court strongly encourages Defendant Maximov to work cooperatively with Mr. Eisenberg in preparing the defense of this case.

**IT IS ORDERED:**

1. Defendant's Motion to Replace Counsel (Dkt. #223) is **denied**.
2. Counsel's Motion to Withdraw (Dkt. #209) is **denied**.
3. Defendant's *pro se* Motion to Compel Discovery (Dkt. #207) is **denied**. Motions must be filed by counsel.

1    Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on
2 May 22, 2009 for a total of 7 days.
3    DATED this 28th day of May, 2009.

*David G. Campbell*
United States District Judge