**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-08-368-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Eitan Maximov (1), et al., | |
| Defendants. | |

On December 7, 2009, the day before the start of trial, the government filed a motion to dismiss all remaining charges against Defendant Eitan Maximov. Dkt. #539. At a hearing on the day of trial, counsel for Defendant Maximov agreed that the Court should grant the government's motion, but requested an opportunity to argue that the dismissal be with prejudice. Dkt. #547 at 5. The government did not oppose Defendant's request. The Court accordingly entered an order dismissing the charges against Defendant Maximov pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, reserved the question of whether the dismissal should be with or without prejudice, and called for the parties to brief the issue. Dkt. #543. The parties have now filed memoranda. Dkt. ##546, 548. For the reasons that follow, the Court holds that the dismissal is without prejudice.

**I.     The Court's Dismissal Decision.**

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The rule constitutes a limited check on the Executive Branch's otherwise substantial discretion in deciding when, where, and how to prosecute defendants. "'The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of

whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless truly contrary to manifest public interest.'" *United States v. Pease*, No. CR-07-757-PHX-DGC, 2008 WL 808683, at *3 (D. Ariz. Mar. 24, 2008) (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)). As the Ninth Circuit has explained, "[w]hen the government moves to dismiss counts in an indictment, the district court has limited discretion to deny the motion. The limitation on its discretion is based on separation of powers." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000).

A court may deny the government's motion only if dismissal would be "clearly contrary to the public interest" or if "the dismissal would contribute to prosecutorial harassment by subjecting a defendant to 'charging, dismissing, and recharging.'" *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1998) (quoting *Renaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). "A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in 'good faith.'" *Id*. In seeking dismissal under 48(a), however, the government is entitled to a "presumption of good faith." *United States v. Welbourne*, 849 F.2d 980, 984 (5th Cir. 1988); *see Garcia-Valenzuela*, 232 F.3d at 1007 (a "presumption of regularity supports . . . prosecutorial decisions") (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

In this case, there was no evidence of government bad faith or misconduct. Defendant Maximov did not oppose the motion to dismiss. The Court therefore granted the motion and dismissed the remaining charges in the indictment.

**II.     Should the Dismissal be With or Without Prejudice?**

The standard for holding that a Rule 48(a) dismissal is with prejudice, and thereby blocking re-prosecution of a defendant, is essentially the same as the standard for denying a Rule 48(a) motion. Both require some showing of bad faith on the part of the prosecution. This makes sense, because both actions interfere with prosecutorial discretion. Thus, the Ninth Circuit has held that Rule 48(a) allows the government "to dismiss an indictment without prejudice and later to re-indict based on the same or similar charges," "provided it

is not acting in bad faith." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). Other courts likewise have held that a dismissal under Rule 48(a) should be with prejudice only when the government acts in bad faith. *See United States v. W.R. Grace*, 429 F. Supp. 2d 1207, 1247 (D. Mont. 2006) ("Dismissal under Rule 48(a) is without prejudice unless the court finds that the dismissal is sought for some improper purpose."); *United States v. Adamidov*, No. VC 01-72-BR, 2002 WL 31971836, at *5 (D. Or. Sept. 4, 2002) ("When a prosecutor acts in 'bad faith,' the court may dismiss an indictment under Rule 48(a) 'with prejudice.'"); *see also* 3B Wright, King & Klein, *Federal Practice and Procedure: Criminal 3d* § 811 (2004) (a Rule 48(a) "dismissal will be with prejudice if the government sought dismissal for an improper purpose, such as harassment of the defendant").

The Court inquired closely concerning the government's reasons for seeking dismissal on the eve of trial. The prosecutor explained that while preparing for trial only days earlier, he discovered discrepancies between the testimony an FBI agent would give at trial and the testimony she gave to the grand jury that indicted Defendant Maximov. Although the prosecutor did not consider the discrepancies to be material, he was concerned they may have influenced the grand jury's decision to indict. To avoid any unfairness to Defendant Maximov, the prosecutor – who was not the prosecutor that presented the case to the grand jury – decided the indictment should be dismissed. The prosecutor emphasized that he was not seeking dismissal because the government was unprepared for trial. To the contrary, the government was prepared to go forward on December 8, 2009, and believed it had sufficient evidence to prove Defendant Maximov's guilt beyond a reasonable doubt. *See* Dkt. #547.

Counsel for Defendant Maximov did not disagree with the prosecutor's reasons for dismissing the indictment and, as noted, supported the government's motion even if the dismissal ultimately was held to be without prejudice. Dkt. #547 at 18. At the hearing, counsel for Defendant Maximov said: "I'm not claiming that there was any misconduct under Rule 48[.]" *Id*. at 12. In his memorandum filed after the December 8 hearing, counsel for Defendant Maximov stated: "At this point, the defendant, Eitan Maximov, is not claiming that the dismissal of the remaining counts in the indictment by the government is 'clearly

1 contrary to the manifest public interests' or was made in 'bad faith.'" Dkt. #546 at 2.

2 The Court concludes that the government did not seek dismissal in bad faith or for an improper reason. Therefore, in light of the authorities cited above, the Court holds that the dismissal is without prejudice.

Defendant Maximov argues in his memorandum that the Court should dismiss the indictment with prejudice under Rule 48(b) and its supervisory powers. Rule 48(b) allows the Court to dismiss an indictment in the event of unnecessary delay. Fed. R. Crim. P. 48(b). The Court did not dismiss the indictment in this case under Rule 48(b), and no party has claimed that this case has been delayed unnecessarily. To the contrary, the Court and the parties have sought diligently to prepare this case for trial, a challenging task given the complexity of the case and Defendant's use of five different defense attorneys. Because the action was not dismissed under Rule 48(b), that rule provides no basis for holding the dismissal to be with prejudice.

Nor should the Court do so under its inherent power. The only Ninth Circuit case cited by Defendant in support of this argument, *United States v. Simmons*, 536 F.3d 827, 832 (9th Cir. 1976), discussed the Court's inherent power in the context of pretrial delay, noting that such inherent power is recognized in Rule 48(b). Again, the Court did not dismiss the indictment for reasons of delay.

### III. Conclusion.

The Court is concerned that Defendant Maximov was in custody for some 17 months awaiting trial, only to have the government seek to dismiss the indictment without prejudice on the eve of trial. But Defendant Maximov did not oppose dismissal – even dismissal without prejudice – and the Court finds no bad faith or improper motive on the part of the government. The Court holds, therefore, that the Rule 48(a) dismissal is without prejudice.

DATED this 17th day of December, 2009.

_____
David G. Campbell
United States District Judge